JUDGE DAVID GUADERRAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEJANDRO HERNANDEZ §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>§<br>EL PASOANS FIGHTING HUNGER, §<br>JOSE "ABE" GONZALEZ, §<br>SUSAN E. GOODALL §<br>Defendant. § | **EP21CV0055**<br>CAUSE NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, ALEJANDRO HERNANDEZ (hereinafter the "Plaintiff"), bringing cause of action against Defendant, individually under 42 U.S.C. § 12181, The Americans With Disabilities Act, which Defendants willfully violated and is still not compliant. In support thereof Plaintiff respectfully shows the Court as follow:

### PARTIES

1.  Plaintiff, ALEJANDRO HERNANDEZ, is an individual, resides in El Paso County, Texas, and qualifies as an individual with disabilities as defined by the Americans with Disabilities Act.

2.  Defendant, EL PASOANS FIGHTING HUNGER, (hereinafter "Defendant EPFH") is Texas Nonprofit Domestic Corporation, doing business in El Paso County, Texas, and operates a place of public accommodation as defined by in Title III of the Americans with Disabilities Act (ADA). Defendant EPFH may be served via its

1

registered agent, Abe Howard Gonzalez, also known as Jose "Abe" Gonzalez, located at 221 N Kansas, Ste 1700, El Paso, TX 79901.

3. Defendant, JOSE "ABE" GONZALEZ, (hereinafter "Defendant Gonzalez") is an individual, that operates a place of public accommodation in El Paso, Texas, as defined by in Title III of the Americans with Disabilities Act (ADA). Defendant Gonzalez may be served at 221 N Kansas, Ste 1700, El Paso, TX 79901.

4. Defendant SUSAN E. GOODALL, (hereinafter "Defendant Goodall") is an individual, that operates a place of public accommodation in El Paso, Texas, as defined by in Title III of the Americans with Disabilities Act (ADA). Defendant Goodall may be served at 9541 Plaza Cir, El Paso, TX 79927.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claim occurred in this judicial district.

## STATEMENT OF FACTS

7. Defendant EPFH, a food bank, is a Texas Nonprofit Domestic Corporation with its stated mission "to combat the hunger crisis in our region by strategically procuring and distributing nutritious food through community partners...because no one should go hungry." Every year, Defendant EPFH receives millions of dollars of aid from among other sources, the United States Department of Agriculture (USDA).

7. The USDA promulgates a nondiscriminatory policy which prohibits any of its programs, like Defendant El Pasoans Fighting Hunger from discriminating in providing food or services to the general public on account of, among other things, disability.

8. Defendants Gonzalez and Goodall, the policy makers of the Defendant EPFH, promulgate policy decisions regarding the operations of the many food banks throughout the County of El Paso, Texas. Defendants publish on their website that people of the general public can obtain food at specific food pantry locations. Defendants operate all of those locations, inviting the public into a real property, a physical location.

9. This action arises from the Defendants' arbitrary and capricious policy that violates Title III of the ADA, by promulgating policy the requires all customers at their "walk up" locations to wear face coverings to obtain food, with no exception for customers who cannot wear a face covering for medical reasons. Customers, such as Plaintiff, who cannot wear face coverings for medical reasons at the "walk up" food banks, are denied access to food at the food banks operated by Defendants. The mask covering requirement is in direct contradiction to the State of Texas' and City of El Paso's mask orders and the guidelines published by the United States Center for Disease Control.

10. Plaintiff is a person with a disability who has physical and/or mental conditions, including asthma exacerbated by breathing difficulties caused by a deviated septum, as well as severe PTSD with chronic anxiety and panic triggers that hinder

3

breathing abruptly as well as other normal daily functions which substantially limit most major life activities with distress.

11. The events complained of occurred at the walk-up location at EPFH Distribution West, located at 5300 Doniphan, El Paso, TX, 79932, on January 13, 2021. Plaintiff did at this location encounter the denial of equal access, received physical assault when pushed by an attendant working for the Defendants, experienced shaming in the form of name calling and being publically labeled with demeaning, humiliating and degrading language and treatment from Defendants and their agents at the food bank. Defendants discriminate against him on the sole basis of his disability. For example, on or about January 10, 2021, Plaintiff was physically pushed out of the building by a male staff member at the food bank location made the subject of this lawsuit. Plaintiff informed the Supervisor at the time, Jackie Bracamontes, who stated she would look into it. Ms. Bracamontes agreed to accommodate Plaintiff on that day however, on the following occasion it was Ms. Bracamontes herself who denied Plaintiff without explaining her reason or contradiction.

12. In addition to the foregoing, Plaintiff has made a good faith effort to mitigate damages and avoid litigation, by contacting governing personnel at El Pasoans Fighting Hunger to no avail. On more than one occasion Plaintiff spoke to the assistant of the CEO, Ms. Goodall and to the assistant for Tom Cihonski, COO, including sending emails to him personally to which he never responded by phone or email. His assistant Marina Hernandez admitted to knowledge of the medical exceptions in the City and State Orders stating that their policy did have allowances for the same. She made apologies but

4

no changes came from the conversations. Next, Plaintiff spoke to Ian, a counterpart for Ms. Bracamontes at the same location, who said he only followed orders and was not trained specifically for the issues of ADA nor was he informed of the City or State Orders. Ian too was made aware of the physical assault on Plaintiff, the degrading treatment and unlawful behavior by the volunteers at that location.  Plaintiff was contacted by Defendant Gonzalez after being notified by Ms. Bracamontes of Plaintiff's intention to seek legal remedy for noncompliance with the ADA. Defendant Gonzalez denied any wrongdoing from the onset. Having no empathetic considerations Defendant Gonzalez further violated Plaintiff's privacy by making public searches about Plaintiff to determine whether he was the property owner of the residence where he lives and any vehicle ownership, none of which is required information for food distribution. Defendant Gonzalez not only was unable to rectify the adverse consequences of Plaintiff being placed at a disadvantage because of his disability at the location subject to this suit, Defendant Gonzalez escalated the matter by violating Plaintiff's privacy with unnecessary inquiries and with little to no moral awareness of his unethical personal practices.

13.  Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' moral compasses gone missing.  Discrimination compromises the ethical capacities of any organization when the leadership positions hold a high degree of confidence in their own judgment as with Defendants mentioned herein. Defendants should be compelled to comply with the requirements of the ADA to rectify their conduct as they are not above the long established laws.  It is the Defendants'

complacency to the individual's rights they must observe as a place of public accommodation, and a total lack of compassion for people with disabilities that is at the root of the ADA violations in this case.

14. Defendants operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, at the real property, that is the physical location, where Defendants operate the food bank. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants operated and is the subject to this lawsuit is located at the "walk-up" food bank, at EPFH Distribution West, located at 5300 Doniphan, El Paso, TX, 79932 but is not limited to the scope of the EPFH distribution locations, it is in fact only a satellite location not owned by EPFH agency in and of itself but currently marketed for lease by the actual owner.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the food pantry they operate as described but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he has suffered due to the moral blinders of this agency "gone wild" and will continue to be subjected to discrimination in violation of the ADA by the Defendants. Defendants must operate without engaging in misleading and unlawful conduct when persons such as Plaintiff look to avail themselves of the food available at such food bank without fear of discrimination. Perceptions of unfairness and a lack of commitment to ethical standards by those

operating this charitable organization is the root cause of the discrimination and ADA violations for the disabled.

16. The Defendants have discriminated, and continue to discriminate, against the Plaintiff in violation of the ADA by, *inter alia*, denying access to food to Plaintiff because he cannot wear a face covering because of a disability, and by exposing and submitting Plaintiff to discrimination, physical pushing, shaming, degradation, and demeaning behavior by Defendants' staff and employees, because of his disability.

17. The Defendants all lack accountability for collective decision making, they have discriminated, and continue to discriminate, against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation in violation of 42 U.S.C. 12181 *et seq* and 28 CFR 36.302 *et seq*. Further, Defendants apportion their duties in a way that allows daily decision makers to behave irrespective of laws and federal regulations since the channels for expressing concern from the public are inadequate. Defendants continue to discriminate against the Plaintiff by making excuses for unreasonable modifications in policies, when failing to train, and in violating practices and procedures, since such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals who are not disabled.

18. Instead of providing persons with disabilities that cannot wear a face covering with a reasonable accommodation, Defendants refuse to provide food altogether. Defendant EPFH operates a website which provides no information on reasonable accommodations for persons who cannot wear face covering for example. Instead, Defendants promulgate policy that direct persons who cannot wear a face covering because of a disability to sign up for a failed home delivery system that deprived Plaintiff food for months.

19. Plaintiff was told that he could register for home delivery as a reasonable accommodation. Plaintiff did register for home delivery of food in November and only received food once since that time. Thus, the home delivery program does not provide persons with disabilities a reasonable accommodation to get food. Plaintiff informed Defendants about this fact, but Defendants refused to provide a reasonable accommodation to Plaintiff. The Plaintiff requested a reasonable accommodation of curb side service from Defendants; however, once again the Defendants refused to provide this reasonable accommodation citing their practice as "good enough", discounting and denying evidence of the harm of their own conduct or the extent of their own responsibility as a 501c3.

## Cause of Action – Violation of Title III of the ADA

20. The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns, leases, (or leases to), or operates a place of public accommodation. Under the

terms of the ADA, discrimination includes a failure to provide services to a disabled person to the extent that such services are provided to non-disabled persons. The ADA requires that goods, services, facilities, privileges, advantages, and accommodations be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.

21. Title III of the ADA, which applies to public accommodations such as the food bank open to the general public operated by Defendants, establishes the general rule that no individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public accommodation.

22. Plaintiff is an individual with a disability within the meaning of the ADA because Plaintiff has a physical and mental impairment that substantially limits one or more of Plaintiff's major life activities and systems as described herein.

23. Plaintiff requested an accommodation from the face covering policy due to his disability, to wit: providing curb side service. The request was reasonable as it was consisted and in compliance with the State of Texas, the City of El Paso's, and CDC's mask orders and guidelines. Such accommodation would have allowed Plaintiff to enjoy full and equal enjoyment of the food as provided to people who are not disabled and are able to comply with the request to wear a covering without potentially subjecting themselves to respiratory distress and/or other physical or mental injuries or ailments.

24. Defendants owns, leases, or operates a place of public accommodation within the meaning of the ADA because Defendants owns, leases, or operates a food bank which provides for the sale of goods to members of the public.

25. Defendants are in violation of the ADA because they discriminated against Plaintiff on the basis of Plaintiff's disability in the full and equal enjoyment of the goods, facilities, privileges, advantages, or accommodations of the food bank Defendants operates, because it denied Plaintiff the goods, services, facilities, privileges, advantages, and accommodations of the food bank in the most integrated setting appropriate to Plaintiff's needs, because it refused him access to food, based on his disability.

26. Defendants' policies and practices have, are, and will cause irreparable harm to the Plaintiff.

27. Plaintiff intends to continue to try to get food at the food pantry operated by Defendants, and made the subject of this lawsuit.

28. Plaintiff did not pose a direct threat to the health or safety of others. There was no significant risk to the health or safety of others that could not be eliminated by a modification of Defendants' policies, practices and procedures. Social distancing and other safety precautions were in place at the "walk-up" food bank in question, Plaintiff had no signs or symptoms of Covid 19, and the state of Texas and City of El Paso's order, guidelines, and CDC guidelines recognized the need for a medical exception to the mask requirement. Defendants simply chose to disregard the exception, despite the fact that they had no basis to conclude that Plaintiff was a direct threat to the health or safety of others. Defendants made no individual assessment that

considered Plaintiff's actual abilities or disabilities; instead, Defendants promulgated and adopted a broad discriminatory policy based on generalizations and stereotypes.

### *Prayer*

29.  For these reasons, Plaintiff requests that the court award him injunctive relief requiring Defendants to accommodate Plaintiff by allowing him to obtain food without wearing a face covering so that he may enjoy the benefits, privileges, goods, services facilities, advantages, and accommodations including equal access to and enjoyment of food pantry operated by Defendants in the future. To affect such relief to Plaintiff, it may be appropriate for the court to provide clear protocols to Defendant and her staff advising that persons who cannot wear a face covering due to a disability must be accommodated. Defendants should be required to train their staff about its legal obligations and to post and disseminate notice to his all pertinent staff regarding their legal obligations under the ADA.

WHEREFORE, Plaintiff seeks injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

Respectfully submitted,

Alejandro Hernandez
P.O. Box 13734
El Paso, TX 79913
(915) 258-1666
Email: flexyourrights@outlook.com