**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO HERNANDEZ,** | § | |
| *Plaintiff,* | § | |
| | § | **No. 3:21-CV-00055-DCG** |
| **v.** | § | |
| | § | |
| **EL PASOANS FIGHTING HUNGER,** | § | |
| **JOSE "ABE" GONZALEZ, and** | § | |
| **SUSAN E. GOODALL,** | § | |
| *Defendants.* | § | |

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF THE MAGISTRATE JUDGE**</u>

On this day, the Court considered the status of the above-styled and numbered cause.  On March 8, 2021, Plaintiff Alejandro Hernandez, proceeding *pro se*, filed his application to proceed *in forma pauperis*.  (ECF No. 1.)  On April 8, 2021, this Court granted Plaintiff's application, and his Complaint was thereafter filed.  (ECF Nos. 3, 4.)  In the Order, the Court directed that "[p]rior to ordering service of process on Defendant[s], the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915."  (ECF No. 3.)  The Court has now screened Plaintiff's Complaint and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for being frivolous and for failure to state a claim.

## I.    BACKGROUND

Plaintiff identifies El Pasoans Fighting Hunger ("EPFH"), a Texas non-profit corporation, and its agents, Jose "Abe" Gonzalez ("Defendant Gonzalez") and Susan E. Goodall ("Defendant Goodall"), as the named defendants in his Complaint (collectively, "Defendants").  (ECF No. 3:1-2.)  Plaintiff states that he is "a person with a disability who has physical and/or mental conditions,

including asthma exacerbated by breathing difficulties caused by a deviated septum, as well as severe PTSD with chronic anxiety and panic triggers that hinder breathing abruptly as well as other normal daily functions which substantially limit most major life activities with distress." (*Id.* at 3-4.)

Plaintiff alleges that Defendants maintained an "arbitrary and capricious policy that violates Title III of the ADA, by promulgating [a] policy [that] requires all customers at their 'walk up' locations to wear face coverings to obtain food, with no exception for customers who cannot wear a face covering for medical reasons." (*Id.* at 3.) Specifically, Plaintiff asserts that on January 10, 2021, he "was physically pushed out of the building by a male staff member at the food bank," and on January 13, 2021, he "encounter[ed] the denial of equal access, received physical assault when pushed by an attendant working for the Defendants, experienced shaming in the form of name calling and being publically [sic] labeled with demeaning, humiliating and degrading language and treatment from Defendants and their agents at the food bank." (*Id.* at 4.)

Plaintiff alleges that as a result of Defendants' actions, he was denied "access to food, based on his disability." (*Id.* at 10.) Plaintiff seeks injunctive relief in the form of a Court order directing Defendants "to accommodate Plaintiff by allowing him to obtain food without wearing a face covering," and requiring Defendants to "train their staff about its legal obligations and to post and disseminate notice to . . . staff regarding their legal obligations under the ADA." (*Id.* at 11.) In addition, Plaintiff seeks attorney's fees and other litigation expenses. (*Id.*)

## II.   LEGAL STANDARDS

Title 28 U.S.C. § 1915 directs a court to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the court may *sua sponte* dismiss on these grounds

even without serving the defendants.  *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare the prospective defendants the inconvenience and expense of answering such complaints.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).[1]

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).  A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

To determine whether an *in forma pauperis* complaint fails to state a claim on which relief may be granted, courts engage in the same analysis as when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011) (per curiam).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual

---

[1] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (stating that service on defendants is not required before dismissing an action for failure to state a claim) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that 28 U.S.C. § 1915A, like § 1915(e)(2), "clearly does not require that process be served or that plaintiff be provided an opportunity to respond before dismissal")).

matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

## III. ANALYSIS

Plaintiff's sole claim is that Defendants violated the Americans with Disabilities Act ("ADA") by refusing to serve him food when he was not wearing a mask. (ECF No. 3:4.) Title III of the ADA prohibits a place of public accommodation from discriminating against an

individual on the basis of a disability.  42 U.S.C. § 12182(a).  To prevail on this claim, Plaintiff must establish: "(1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability." *Smith v. Brookshire Brothers*, No. A-11-CV-139-SS, 2011 WL 13203044 at *2 (W.D. Tex., Apr. 5, 2011), *report and recommendation adopted sub nom. Smith v. Texas Dep't of Crim. Just.*, No. A-11-CA-128-SS, 2011 WL 13183052 (W.D. Tex. May 16, 2011).

Here, Plaintiff pleads in his Complaint that he is disabled by "asthma exacerbated by breathing difficulties caused by a deviated septum, as well severe PTSD with chronic anxiety and panic triggers that hinder breathing abruptly . . . ."  (ECF No. 4:3-4.)  These factual allegations are sufficient to establish a prima facie case that Plaintiff is disabled under the ADA.

Next, Plaintiff alleges in his Complaint that Defendants operate a food bank that is a "Texas Nonprofit Domestic Corporation, doing business in El Paso County, Texas, and operates a place of public accommodation as defined by in [sic] Title III of the Americans with Disabilities Act." (ECF No. 4:1-2.)  As food banks are places of public accommodation under the ADA, Plaintiff has successfully established the first two prongs of a prima facie case against Defendants.  42 U.S.C. § 12181(7)(K).

However, Plaintiff has pleaded no facts to allege that Defendants "took adverse action against [Plaintiff] that was based upon [his] disability."  *Smith*, 2011 WL 13203044 at *2 (citing *Gonzales v. H.E. Butt Grocery Co.*, 226 F. App'x 342 (5th Cir. 2007)).  While Plaintiff alleges that he was denied service by Defendants, this was not based on his disability.  Rather, Plaintiff alleges that he was denied service due to Defendants' mask policy, under which "all customers [are required] to wear face coverings to obtain food, with no exception for customers who cannot wear

a face covering for medical reasons."  (ECF No. 4:3.)  But Defendants were not required by the ADA to alter their mask policy for Plaintiff.  *See Reinoehl v. Whitmer*, No. 1:21-CV-61, 2021 WL 320727 at*2 (W.D. Mich. Jan. 22, 2021) (holding that defendant YMCA did not violate the ADA where it denied asthmatic plaintiff entry due to her refusal to wear a mask in accordance with the YMCA's policy), *report and recommendation adopted*, No. 1:21-CV-61, 2021 WL 1165695 (W.D. Mich. Mar. 26, 2021).  Indeed, a business "need not modify or alter the goods and services that it offers in order to avoid violating Title III [of the ADA]."  *McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000); *cf. Cangelosi v. Sizzling Caesars LLC*, No. CV 20-2301, 2021 WL 291263 at *3 (E.D. La. Jan. 28, 2021) ("A private business is free to take more precautions on face coverings than those that the state or local government requires.")  As such, Plaintiff has failed to make out a prima facie ADA case against Defendants.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim for injunctive relief under the ADA.

Accordingly, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for being frivolous and for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B).

**SIGNED** this 22nd day of April, 2021.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED**

**HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**