UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| ALEJANDRO HERNANDEZ, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | EP-21-CV-00055-DCG |
| EL PASOANS FIGHTING HUNGER; | § | |
| JOSE "ABE" GONZALEZ; and | § | |
| SUSAN E. GOODALL, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ACCEPTING PART, REJECTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 10, 2021, the Court referred *pro se* Plaintiff Alejandro Hernandez's "Motion to Proceed in *Forma Pauperis*" (ECF No. 1) and "Complaint" (ECF No. 1-1) to United States Magistrate Judge Robert F. Castaneda for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C to the Local Rules of this District, as to whether Plaintiff's complaint should be dismissed under 28 U.S.C. § 1915(e). Order Referring Compl., ECF No. 2.

On April 23, 2021, the magistrate judge issued a Report and Recommendation (ECF No. 5) ("R&R"), recommending that Plaintiff's complaint against Defendants El Pasoans Fighting Hunger ("EPFH"), Jose "Abe" Gonzalez, and Susan E. Goodall, be dismissed without prejudice for being frivolous and failing to state a claim. R&R at 1, ECF No. 5. Plaintiff objects to the magistrate judge's reasoning and conclusion and requests review of the R&R. *See* Objs., ECF No. 7. For the reasons stated below, the Court **OVERRULES** Plaintiff's objections and **ACCEPTS IN PART, REJECTS IN PART** the magistrate judge's R&R.

### A. Standard for Reviewing Report and Recommendations.

When a party files timely written objections to a magistrate judge's report and recommendation, the district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo* determination,' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."). After completing its review of the report, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

As to other portions—that is, the unobjected-to portions—of the magistrate judge's report or when a party does not file written objections, the district judge applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). A finding "is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

### B. Standard for 28 U.S.C. § 1915 Screening.

Title 28 U.S.C. § 1915 directs a court to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the court may *sua sponte* dismiss on these grounds even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th

Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare the prospective defendants the inconvenience and expense of answering such complaints.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

To determine whether an *in forma pauperis* complaint fails to state a claim on which relief may be granted, courts engage in the same analysis as when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam).

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the "facial plausibility" standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court's task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of

success." *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc). "Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the court "must accept all well-pleaded facts as true, draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes and citations omitted). "*Iqbal* does not allow us to question the credibility of the facts pleaded . . . . *Iqbal*, instead, tells us to assume the veracity of well-pleaded factual allegations." *Ramirez v. Escajeda*, 921 F.3d 497, 501 (5th Cir. 2019) (alteration, internal quotes, and citations omitted).

Further, in deciding the motion, "a district court may not go outside the complaint." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (internal quotes and citations omitted). The court may, however, "rely on documents incorporated into the complaint by reference[] and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal quotes and citations omitted).

Additionally, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

## C. Discussion.

The magistrate judge recommended dismissing Plaintiff's complaint without prejudice, concluding that Plaintiff's complaint, liberally construed, insufficiently pleaded a claim under the American with Disabilities Act ("ADA") against Defendants for refusing to allow Plaintiff into their facilities without wearing a mask to serve him food. R&R at 4. He concluded that while Plaintiff pleaded sufficient factual allegations to establish that he is disabled under the statute and that Defendants operate a place of public accommodation, Plaintiff nonetheless failed to plead any facts alleging that Defendants took adverse action against him based upon his disability. *Id.* at 5. Plaintiff objects to this last finding. After due consideration, the Court agrees with the magistrate judge.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a)). To assert a viable claim, a plaintiff must allege that: (1) he has a disability; (2) the place the defendant owns, leases, or operates is a place of public accommodation; and (3) the defendant took adverse action against the plaintiff based upon the plaintiff's disability. *See Gonzales v. H.E. Butt Grocery Co.*, 226 F. App'x 342, 344 (5th Cir. 2007). While damages are not available for a Title III ADA claim brought by private parties, they may still seek injunctive relief—as Plaintiff has done in this case. *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997).

Here, taking all of his factual allegations as true, the Court agrees with Plaintiff and the magistrate judge that Plaintiff appears to have sufficiently pleaded that he has a disability under the ADA. A plaintiff is disabled within the meaning of the ADA by: (1) having "a physical or mental impairment that substantially limits one or more major life activities of such individual;"

(2) having "a record of such an impairment;" or (3) being "regarded as having such an impairment." 42 U.S.C. § 12102(1). Specifically, Plaintiff alleges that he suffers of asthma exacerbated by breathing difficulties caused by a deviated septum, as well as severe PTSD with chronic anxiety and panic triggers that hinder his breathing abruptly. Compl. ¶ 10.

The Court further agrees that Plaintiff has sufficiently pleaded that Defendants operate a place of public accommodation. Plaintiff alleges that EPFH is a food bank incorporated as a Texas Nonprofit Domestic Corporation which aims "to combat the hunger crisis in our region by strategically procuring and distributing nutritious food through community partners . . . because no one should go hungry." *Id.* ¶ 7 (quoting EPFH, *About Us – Sobre Nosotros*, https://elpasoansfightinghunger.org/about-us (last visited June 24, 2021). Under Title III of the ADA, a food bank like EPFH is a place of public accommodation. 42 U.S.C. § 12181(7)(K). And for purposes of individual liability, Plaintiff also alleges that Defendants Gonzalez and Goodall "promulgate policy decisions regarding the operations of many food banks" in El Paso, including EPFH. *See Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1066 (5th Cir. 1995) (holding that defendants who control the modification of the public accommodation are individuals "who operate[] a place of public accommodation" under the ADA).

But the Court agrees with the magistrate judge that Plaintiff fails to sufficiently plead the third element—whether Defendants took adverse action against him based on his alleged disability. As Plaintiff correctly states, he can sufficiently plead that Defendants took adverse action against him by alleging that they failed "to make reasonable accommodations in policies, practices, or procedures when such modifications are necessary to afford . . . such accommodations to individuals with disabilities." *Id.* § 12182(b)(2)(A)(ii). Yet, the ADA "does not require a place of public accommodation to provide a plaintiff with the ideal or *preferred*

accommodation; rather, [it] requires that a defendant provide a plaintiff with an accommodation that is reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered." *Bailey v. Bd. of Comm'rs of Louisiana Stadium and Exposition Dist.*, 484 F. Supp. 3d 346, 365 (E.D. La. 2020) (quoting 1 Americans with Disab. Pract. & Compliance Manual § 4:1, Nondiscrimination Mandate) (emphasis added); *see also E.E.O.C. v. Agro Distrib., LLC*, 555 F.3d 462, 471 (5th Cir. 2009) (applying principle in employment context) ("The ADA provides a right to reasonable accommodation, not to the employee's preferred accommodation." (citations omitted)).

Even when taking all of his factual allegations as true and construing the complaint in his favor, Plaintiff fails to allege that Defendants denied him reasonable accommodations that would permit him to participate equally in the good, service, or benefit being offered. To begin, Plaintiff *himself* alleges that upon informing Defendants about his inability to wear a face covering due to his alleged disability, they in fact offered him a reasonable accommodation in the form of home delivery. Compl. ¶¶ 18–19. Nonetheless, Plaintiff counters that Defendants still denied him a reasonable accommodation for his disability because, while he did register for home delivery in November 2020, Defendants only delivered food once to him since that time. *Id.* Specifically, the complaint alleges that

> Plaintiff did register for home delivery of food in November and only received food once since that time. Thus, the home delivery program does not provide persons with disabilities a reasonable accommodation to get food. Plaintiff informed Defendants about this fact, but Defendants refused to provide a reasonable accommodation to Plaintiff.

*Id.* ¶ 19 (emphasis added).

But even when liberally construing the complaint in Plaintiff's favor, the Court is unable to infer how exactly Defendants refused to provide him a reasonable accommodation as he

claims. Notably, Plaintiff claims, in a conclusory manner, that Defendants refused to provide him a reasonable accommodation without sufficiently alleging how they responded after he informed them about the missed deliveries.[1] Thus, Plaintiff fails to plead sufficient facts from which the Court can reasonably infer what was Defendants' conduct and how such conduct could entail a refusal to provide him with a reasonable accommodation. Put another way, while his complaint does not need detailed factual allegations, Plaintiff's conclusory allegation as pleaded amounts to "a legal conclusion couched as a factual allegation". *Twombly*, 550 U.S. at 555. Plaintiff also fails to provide additional facts to support his legal conclusion in his objections to the R&R.

What is more, even when presuming that his allegation embraces those specific facts necessary to support his claim that Defendants' allegedly defective home-delivery program entails a refusal to provide a reasonable accommodation, such program is not the only reasonable accommodation Defendants *already* provide to people who cannot wear a face covering because of a disability. In direct contradiction with Plaintiff's claim that "[i]nstead of providing persons with disabilities that cannot wear a face covering with a reasonable accommodation, Defendants refuse to provide food altogether", their website indeed shows that due to COVID-19, Defendants do offer services such as home delivery of food boxes and a "Mobile Pantry" program in which people can alternatively pick them up via a "drive thru" without the need to enter their facilities. *See* EPFH, *El Pasoans Fighting Hunger Food Bank's Response to COVID-*

---

[1] For instance, Plaintiff fails to allege whether there was a breakdown of good-faith, informal interactive discussions with Defendants and to whom the breakdown was traceable. *See Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011) ("When [a place of public accommodation]'s unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate [a qualified individual], the [place of public accommodation] violates the ADA. However, [a place of public accommodation] cannot be found to have violated the ADA when responsibility for the breakdown of the 'informal, interactive process' is traceable to the [qualified individual] and not the [place of public accommodation].").

*19 (Coronavirus)*, https://elpasoansfightinghunger.org/details/news/el-pasoans-fighting-hunger-food-banks-response-to-covid-19-coronavirus (last visited June 25, 2021).² As such, Defendants already provide several different reasonable accommodations to disabled individuals who cannot wear a face covering inside their facilities, and hence, are not refusing to provide food to those individuals based on their disability. Thus, Plaintiff's allegations have no basis in fact upon which to hold Defendants liable for violating the ADA by denying him reasonable accommodations based on his alleged disability.

Moreover, for similar reasons, Plaintiff fails to establish Article III standing because his claimed injury is speculative and hypothetical at best. To show standing for the injunctive relief he requests under the ADA, Plaintiff must establish: (1) that he is under an actual or imminent threat of suffering a concrete and particularized injury-in-fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by a favorable decision. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

Plaintiff alleges that he "has a realistic, credible, existing and continuing threat of discrimination from . . . Defendants' non-compliance with the ADA" because they refused to provide him with the reasonable accommodations of home-delivery and "curb side service" and by "operat[ing] a website which provides no information on reasonable accommodations for persons who cannot wear face covering". Compl. ¶¶ 15, 18–19, & 23. But as mentioned above, Defendants' website shows that they do in fact offer home-delivery of food boxes and a "drive thru" program, which directly contravenes Plaintiff's allegations of threat of future

---

² Typically, a court considering a motion to dismiss is confined to the four corners of the complaint. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011). However, a court may also consider documentary evidence attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

discrimination by Defendants due to his disability. Hence, even when assuming that Plaintiff's conclusory allegations that Defendants' home-delivery program is defective (and will continue to be defective in the future) entails a denial of reasonable accommodation, their existing "drive thru" program still undermines Plaintiff's claim of a threat of future injury. Thus, Plaintiff's claims have no basis in fact that a threat of future injury exists because the alleged "discriminatory barriers" do not remain in place. *See Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp. 2d 587, 604 (W.D. Tex. 2010) ("[I]n an ADA Title III case, the risk of injury in fact is not speculative so long as the alleged discriminatory barriers remain in place, the plaintiff remains disabled, and the plaintiff is "able and ready" to visit the facility once it is made compliant."); *see also Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 305 (1st Cir. 2003) ("In these cases, the existence of a private right of action under section 12188(a)(1) does not depend upon how many attempts a plaintiff has made to overcome a discriminatory barrier, but, rather, upon whether the barrier remains in place.").

In any event, as Title III of the ADA limits Plaintiff to injunctive relief, his claims are also now moot because Defendants have already remedied what he complains about: that there were no reasonable accommodations available for disabled individuals who are unable to wear face coverings inside Defendants' facilities. *See Friends of the Earth, Inc. v. Laidlaw Envt'l. Services (TOC), Inc.*, 528 U.S. 167, 170 (2000) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not be expected to recur."); *Miraglia v. Bd. of Supervisors of Louisiana State Museum*, 901 F.3d 565, 572 (5th Cir. 2018) (holding that the injunctive relief plaintiff sought under the ADA was moot because he failed to identify "any additional relief that the [defendant] ha[d] not already implemented.").

If anything, Plaintiff appears to generally allege that Defendants violated the ADA by refusing him his *preferred* reasonable accommodation—to exempt him from the mask policy and allow him inside their facilities without wearing a mask—and not that they did so by refusing to provide him food altogether based on his disability. *See, e.g.,* Compl. ¶ 9 ("This action arises from the Defendants' arbitrary and capricious policy that violates Title III of the ADA, by promulgating policy the requires all customers at their "walk up" locations to wear face coverings to obtain food, with no exception for customers who cannot wear a face covering for medical reasons. Customers, such as Plaintiff, who cannot wear face coverings for medical reasons at the "walk up" food banks, are denied access to food at the food banks operated by Defendants. The mask covering requirement is in direct contradiction to the State of Texas' and City of El Paso's mask orders and the guidelines published by the United States Center for Disease Control."); *id.* ¶ 16 ("The Defendants have discriminated, and continue to discriminate, against the Plaintiff in violation of the ADA by, *inter alia*, denying access to food to Plaintiff because he cannot wear a face covering because of a disability, and by exposing and submitting Plaintiff to discrimination, physical pushing, shaming, degradation, and demeaning behavior by Defendants' staff and employees, because of his disability."); *id.* ¶ 28 ("Plaintiff did not pose a direct threat to the health or safety of others. There was no significant risk to the health or safety of others that could not be eliminated by a modification of Defendants' policies, practices and procedures. Social distancing and other safety precautions were in place at the "walk-up" food bank in question, Plaintiff had no signs or symptoms of Covid 19, and the state of Texas and City of El Paso's order, guidelines, and CDC guidelines recognized the need for a medical exception to the mask requirement.").

Considering the reasonable accommodations Defendants already offer, as the magistrate

judge correctly noted, the ADA does not require Defendants to alter their mask policy for Plaintiff because they "need not modify or alter the goods and services that it offers in order to avoid violating Title III [of the ADA]". *McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000). Even more so when exempting Plaintiff from their mask policy would pose a direct threat to the health and safety of others, *including Plaintiff himself*, due to the COVID-19 pandemic. *See* 42 U.S.C.A. § 12182(b)(3) ("Nothing in this subchapter shall require an entity to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of such entity where such individual poses a direct threat to the health or safety of others."); *see also id.* ("The term "direct threat" means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services."). Indeed, national public health authorities such as the Centers for Disease Control ("CDC"), and the National Institutes of Health ("NIH") have established the existence of legitimate evidence about how face masks are necessary to slow or stop the spread of COVID-19 in public places. *See, e.g.*, CDC, *CDC calls on Americans to wear masks to prevent COVID-19 spread*, CDC Online Newsroom (July 14, 2020), https://www.cdc.gov/media/releases/2020/p0714-americans-to-wear-masks.html; NIH, *Humidity from masks may lessen severity of COVID-19*, NIH Research Matters (Feb. 23, 2021), https://www.nih.gov/news-events/nih-research-matters/humidity-masks-may-lessen-severity-covid-19; *see also Bragdon v. Abbott*, 524 U.S. 624, 650 (1998) (noting that the views of public health authorities such as the CDC and NIH "are of special weight and authority" in determining whether a legitimate "direct threat" exists for purposes of the ADA).

As such, the Court concludes that Plaintiff's claims are factually frivolous because the facts alleged are "clearly baseless". *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). However, while the magistrate judge recommended the Court to dismiss Plaintiff's complaint *without* prejudice, the Fifth Circuit has held that cases dismissed as frivolous or malicious under the *in forma pauperis* statute should be dismissed with prejudice unless the district court specifically explains why it must be dismissed without prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (*en banc*). As neither the magistrate judge provides an explanation as to why Plaintiff's frivolous complaint must be dismissed without prejudice, nor the Court finds any reason to do so, the Court dismisses Plaintiff's frivolous complaint *with* prejudice.

Accordingly, **IT IS HEREBY ORDERED** that *pro se* Plaintiff Alejandro Hernandez "Objections to the Report and Recommendation of the United States Magistrate Judge" (ECF No. 7) are **OVERRULED**.

**IT IS ORDERED** that Judge Castaneda's Report and Recommendation (ECF No. 5) is **ACCEPTED IN PART, REJECTED IN PART**.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff Alejandro Hernandez's "Complaint" (ECF No. 4) is **DISMISSED WITH PREJUDICE**.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this matter after docketing the Final Judgment to be issued separately on this day.

So ORDERED and SIGNED this 1ST day of July 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE