UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEJANDRO HERNANDEZ, § <br> § <br> *Plaintiff,* § <br> v. § <br> § **EP-21-CV-00055-DCG** <br> EL PASOANS FIGHTING HUNGER; § <br> JOSE "ABE" GONZALEZ; and § <br> SUSAN E. GOODALL, § <br> § <br> *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Alejandro Hernandez's "Motion to Alter or Amend Judgment" ("Motion") (ECF No. 12), filed on July 12, 2021. Hernandez seeks reconsideration of the Court's final judgement because, he argues, the Court committed numerous manifest errors of law and fact, including a manifest error of law when the Court dismissed his Complaint without providing him leave to amend. The Court ordered Hernandez to file a proposed amended complaint, ECF No. 14, which he filed, ECF No. 17. After due consideration of the arguments made in his Motion and the factual allegations in his Proposed Amended Complaint, the Court DENIES Hernandez's Motion.

### I.   FACTUAL BACKGROUND

The events giving rise to this lawsuit take place against the backdrop of the COVID-19 pandemic. Hernandez complains of a face mask requirement imposed by a business. More specifically, Hernandez claims that a food bank, El Pasoans Fighting Hunger, as well as Jose "Abe" Gonzalez and Susan E. Goodall (collectively, the "Food Bank")[1] violated Title III of the

---

[1] Susan E. Goodall is the CEO and a Board Member of El Pasoans Fighting Hunger. Jose "Abe" Gonzalez is a Board Member. El Pasoans Fighting Hunger Food Bank, *Board of Directors* (last visited Feb. 25, 2022), *available at* https://elpasoansfightinghunger.org/board-of-directors.

- 1 -

Americans with Disabilities Act ("ADA") by failing to accommodate his disability, which, Hernandez asserts, prevents him from wearing a face mask.

Hernandez states that he has asthma, a deviated septum, severe PTSD, chronic anxiety, and panic triggers. Proposed Am. Compl. ¶ 11. Those disabilities, he contends, prevent him from wearing a face mask. *Id.* He asserts that the Food Bank requires all patrons to wear a face mask, with no exceptions. *Id.* ¶ 10. In contradiction to the Food Bank's policy, Hernandez claims that he attempted to patronize the Food Bank without wearing a face mask. *See id.* ¶ 12. As a result, Hernandez claims he was denied access to the Food Bank. *Id.*

A conversation between Hernandez and the Food Bank followed. In an email, Hernandez requested a specific accommodation: curbside service. *Id.* ¶ 14 & Ex. 1 to the Proposed Am. Compl. at 1–2. He claimed that curbside service would allow him to access the Food Bank's service without having to wear a mask. Ex. 1 at 2. The Food Bank responded with three accommodations available to Hernandez: wear a face shield, receive home delivery, or receive drive thru service at an alternative location.[2] Ex. 1 at 3. Hernandez then claimed that none of the options were reasonable because he could not wear a face shield, home delivery was ineffective, and he did not have a car to drive to an alternative location. Ex. 1 at 4. Email exchanges continued but quickly became unproductive. *See* Ex. 1.

Hernandez places much of his focus on the Food Bank's offer to accommodate him by delivering food to his home. He asserts that the Food Bank's home delivery is ineffective and thus it is not a reasonable accommodation. Proposed Am. Compl. ¶ 15. In support of his contention, Hernandez says that he attempted to sign up for home delivery multiple times, but the deliveries were delayed, and the Food Bank claimed that he was not in their system. *Id.* ¶¶

---

[2] It appears that the particular food bank location that Hernandez went to did not offer curbside service. *See generally* Proposed Am. Compl.

15–17. Hernandez also shows, however, in his own factual allegations, that he ended discussions with the Food Bank when it sought to resolve the home delivery issues that Hernandez contends persist. *See id.* ¶ 18.

The Food Bank did not provide Hernandez with curbside service (or allow him to not wear a face mask), so he filed this lawsuit, claiming that the Food Bank violated Title III of the ADA because it did not provide him with a reasonable accommodation. *Id.* ¶¶ 28 n.1, 31–36.

## II.   PROCEDURAL BACKGROUND

Hernandez initiated this lawsuit in March 2021 when he filed an application to proceed *in forma pauperis* along with his original Complaint. ECF No. 1. Two days later the Court referred Hernandez's motion to proceed *in forma pauperis* to a magistrate judge. ECF No. 2. In the referral order, the Court also sought a report and recommendation about whether the Complaint should be dismissed under 28 U.S.C. § 1915(e)(2), which requires a court to dismiss an *in forma pauperis* proceeding if "at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

Shortly thereafter the Magistrate Court granted Hernandez's motion to proceed *in forma pauperis*, ECF No. 3, and his Complaint was docketed on the same day, ECF No. 4. The Magistrate Court later issued its Report and Recommendation on the issue of whether Hernandez's Complaint should be dismissed. ECF No. 5. The Magistrate Court recommended that the Complaint be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for being frivolous and for failure to state a claim. *Id.* at 1.

Hernandez timely filed objections to the Report and Recommendation and argued that this Court should not follow it for two reasons. ECF No. 7. First, he contended that the Report "err[ed] in concluding that Plaintiff failed to allege any facts that show Defendants discriminated

against him because of his disability." *Id.* at 3–5. Second, he contended that the Report "err[ed] by concluding that Defendants were not required to alter their face covering policy." *Id.* at 5–9.

One month following Hernandez's objections, this Court accepted in part, and rejected in part, the Magistrate Court's Report and Recommendation. ECF No. 9. Although this Court recognized that *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, it still concluded, as the Magistrate Court did, "that Plaintiff's complaint, liberally construed, insufficiently pleaded a claim under the American[s] with Disabilities Act." *Id.* at 4–5. Specifically, this Court found that Hernandez failed to sufficiently plead facts showing that the Food Bank "took adverse action against him based on his alleged disability," *id.* at 6, and that his "claims are factually frivolous because the facts alleged are 'clearly baseless,'" *id.* at 12 (quoting *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992)).

Where this Court disagreed with the Magistrate Court was on the question of whether Hernandez's Complaint should be dismissed with prejudice. This Court concluded that it should, reasoning that a frivolous complaint "should be dismissed with prejudice unless the district court specifically explains why it must be dismissed without prejudice." *Id.* at 13 (citing *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc)). Finding no reason the Complaint should be dismissed without prejudice, this Court rejected that portion of the Magistrate Court's recommendation and dismissed the Complaint with prejudice. *Id.* This Court entered final judgment on July 1, 2021. ECF No. 10.

Twelve days later, Hernandez timely filed his Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). ECF No. 12. Hernandez says that this Court committed four manifest errors of law and a number of manifest errors of fact. *Id.* Because he proffers new factual contentions and adds exhibits to his Motion, this Court ordered Hernandez to file a

proposed amended complaint so that it could determine—on his Rule 59(e) Motion—whether the amended complaint would cure this Court's findings of failure to plead sufficient facts and factual frivolousness. ECF No. 14. Hernandez filed his proposed amended complaint on September 2, 2021. ECF No. 17.

### III. STANDARDS

#### A. Standard for Reconsideration of the Judgment

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quotations omitted). So on a Rule 59(e) motion, a court may "reconsider its decision" or alter or amend its judgment. *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021). But the Rule "serve[s] [a] narrow purpose." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). As such, "[r]econsideration of a judgment . . . is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

To succeed on a motion for reconsideration, a party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could, and should, have been made before the judgment issued." *United Nat'l Ins. Co. v. Mundell Terminal Services, Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014) (quotations omitted). Intervening changes in controlling law are also grounds for relief. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). But a motion for reconsideration is improper when used as a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79.

When, as here, a motion for reconsideration is accompanied by an assertion that leave to amend should be granted, a more lenient standard applies. In this instance, "the considerations for the Rule 59(e) motion are governed by Federal Rule of Civil Procedure 15(a)." *U.S. ex rel.*

*Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (cleaned up); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981). Rule 15(a)(2) says that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The language of this rule evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "[W]hile such leave is to be freely given when justice so requires, the decision is left to the sound discretion of the district court." *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

Leave to amend is not required when the amendment would be futile. *Legate*, 822 F.3d at 211. "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.* In sum, a motion for reconsideration is proper if a court entered judgment without allowing leave to amend, unless that amendment would have been futile; in which case, the court's judgment may stand. *Compare Spicer*, 751 F.3d at 367 (holding that Rule 15(a) standards apply when a motion for reconsideration is accompanied by a request for leave to amend), *with Willard*, 336 F.3d at 387 (reaffirming that leave to amend should be freely given), *and Legate*, 822 F.3d at 211 (holding that leave to amend need not be given if it would be futile).

### B. Screening *In Forma Pauperis* Complaints, the Standard for Frivolousness, and the Rule 12(b)(6) Standard

Courts can screen *in forma pauperis* complaints—meaning courts can review the complaints before defendants are served—to determine whether the complaint is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation

of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quotations omitted). A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

When deciding, under section 1915(e)(2), whether a complaint fails to state a claim on which relief may be granted, courts engage in a Federal Rule of Civil Procedure 12(b)(6) analysis. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (per curiam). To survive a Rule 12(b)(6) challenge, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the "facial plausibility" standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must "determine whether the plaintiff has stated a legally cognizable claim that is plausible"; a court, at the 12(b)(6) stage, must not "evaluate the plaintiff's likelihood of success." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (quotations omitted). In making that determination, a court "must accept all well-pleaded facts as true, draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). But "conclusory allegations or legal conclusions masquerading as factual conclusion will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotations omitted).

Finally, a less stringent standard is applied to *pro se* pleadings. *Pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, a *pro se* plaintiff is not entitled to merely set forth conclusory allegations. They must still "set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

### C. Establishing a Claim under Title III of the Americans with Disabilities Act

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

*Id.* § 12182(b)(2)(A)(ii).

To assert a viable claim, a plaintiff must allege that (1) he has a disability; (2) the place the defendant owns, leases, or operates is a place of public accommodation; and (3) the defendant took adverse action against the plaintiff based upon the plaintiff's disability. *See Gonzalez v. H.E. Butt Grocery Co.*, 226 F. App'x 342, 344 (5th Cir. 2007) (per curiam). The third factor can be broken down into two parts: "the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification

that was (b) necessary to accommodate the plaintiff's disability." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

## IV.   ANALYSIS

Hernandez argues that the Court committed a manifest error of law by dismissing his Complaint without providing him leave to amend. Mot. at 3. In response, the Court ordered Hernandez to file a proposed amended complaint that the Court could consider along with his Motion. ECF No. 14. In that Order, the Court recognized that "[a]lthough a district court may deny leave to amend a complaint to assert futile or frivolous claims, . . . denial of leave to amend is improper where the amendment adds claims that are not clearly futile." *De La Garza Gutierrez v. Pompeo*, 741 F. App'x 994, 1000–01 (5th Cir. 2018) (citing *Martin's Herend Imp. Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) *and* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487 (3d ed. 2010)). This is equally applicable to dismissal of a *pro se* plaintiff's complaint under 28 U.S.C. § 1915(e). *See Moore*, 976 F.2d at 270 (citing *Denton*, 504 U.S. at 34).

Now with the benefit of the Proposed Amended Complaint, the Court concludes that providing Hernandez leave to amend would be futile. In other words, Hernandez still fails to allege facts sufficient to state a claim upon which relief can be granted. Specifically, Hernandez has not sufficiently plead that the Food Bank took adverse action against him based on his alleged disability—that is, the facts do not show that the Food Bank failed to make a requested reasonable modification that was necessary to accommodate Hernandez's alleged disability. *Gonzalez*, 226 F. App'x at 344; *Fortyune*, 364 F.3d at 1082. Dismissal under 28 U.S.C. § 1915(e)(2) remains proper.

Hernandez points out that the Court previously concluded that "Plaintiff fails to allege whether there was a breakdown of good-faith, informal interactive discussions with Defendants

to whom the breakdown was traceable."[3]   Mot. at 3; Order, ECF No. 9 at 8 n.1 (citing *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011)). In response, Hernandez added factual allegations that address his discussions with the Food Bank about possible accommodations. Proposed Am. Compl. ¶¶ 14–20, 22. He also provided copies of the emails exchanged between him and the Food Bank. *Id.* at Ex. 1.

Hernandez asserts that the Food Bank "never addressed the problems" that he raised "regarding the face shield, defective home delivery program, and drive through locations, and why those avenues were not reasonable accommodations." Mot. at 6–7. In other words, Hernandez alleges facts that, he argues, show that the Food Bank offered only unreasonable accommodations. The Court is unpersuaded.

First, a place of public accommodation need only provide a reasonable accommodation, not a plaintiff's "ideal or preferred accommodation." *Bailey v. Bd. of Comm'rs of La. Stadium Exposition Dist.*, 484 F. Supp. 3d 346, 365 (E.D. La. 2020) (quoting 1 Americans with Disab. Pract. & Compliance Manual § 4:1, Nondiscrimination Mandate); *cf. E.E.O.C. v. Agro Distrib. LLC*, 555 F.3d 462, 471 (5th Cir. 2009) (applying same principle in employment context). The question is whether the accommodation provided is "reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered." *Bailey*, 484 F. Supp. 3d at 365. The Food Bank offered Hernandez three options—face shield, home delivery, and contactless drive thru.

---

[3] The Fifth Circuit has not had the opportunity to consider whether the "good faith interactive process"—which applies in ADA Title I employment cases—"extends to situations outside the employment context." *See Bailey v. Bd. of Comm'rs of La. Stadium and Exposition Dist.*, 484 F. Supp. 3d 346, 433 (E.D. La. 2020). This Court nevertheless finds the "good faith interactive process" to be a valuable analytical tool, in this case, to determine whether the Food Bank actually offered reasonable accommodations or simply gave lip service to Hernandez's requests. *Cf. E.E.O.C. v. Chevron Phillips Chemical Co.*, 570 F.3d 606, 621 (5th Cir. 2009) (noting, in the Title I context, that employers must actually "consider[] the requested accommodations"); *Loulseged v. Akzo Nobel, Inc.*, 178 F.3d 731, 736 (5th Cir. 1999) ("[E]ngage[ment] in an interactive process is not an end [] itself—it is a means to the end of forging reasonable accommodations.").

Hernandez responded to the Food Bank's offered accommodations by simply requesting a preferred accommodation. Ex. 1 at 1 (requesting only "a reasonable accommodation of 'curb side service'"); *id.* at 6 ("I *would rather* you graciously provide the reasonable accommodation of curb side pick up." (emphasis added)). Though Hernandez asserts that curbside service was not his preferred accommodation (he would like not to wear a face mask), the facts he alleges show that, against the accommodations offered, Hernandez preferred curbside service. *See id.* at 1, 6; Proposed Am. Compl. ¶ 28 n.1. But the Food Bank is not required to provide Hernandez with his "ideal or preferred accommodation." *Bailey*, 484 F. Supp. 3d at 365; *cf. Agro Distrib.*, 555 F.3d at 471. Of the three accommodations the Food Bank offered, one or more are reasonable and would permit Hernandez "to participate equally in the good, service, or benefit being offered." *Id.* Thus, Hernandez's allegations that the Food Bank did not provide him with a reasonable accommodation amount to "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *In Re Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019) (per curiam).

Second, the facts Hernandez alleges show that he stood in his own way with respect receiving home delivery. Hernandez claims that he attempted to sign up for home delivery multiple times and that the Food Bank admitted to him that deliveries had suffered from delays. Mot. at 4. He asserts the Food Bank "ignored the fact that Plaintiff was using his correct name and address." *Id.* In all, Hernandez argues that there was a breakdown in discussions, traceable to the Food Bank, regarding the home delivery program, and that, in any event, it is ineffective and thus is an unreasonable accommodation. *Id.* at 3–7.

But the emails Hernandez attaches to his Proposed Amended Complaint do not support his contention. The Food Bank—at least twice in email and at least once over the phone—

offered to register Hernandez for home delivery. Ex. 1 at 3, 5. In response to the first email from the Food Bank setting out the three available accommodations, Hernandez led with: "I will have to proceed with filing a complaint with the USDA civil rights program." Ex. at 4. The Court accepts the contention that there were issues with Hernandez getting registered initially, but the Food Bank attempted to work with him, to which Hernandez responded: "So no, please don't sign me up for a failed home delivery program." Ex. 1 at 6.

Taking the facts in the light most favorable to Hernandez, as the Court must, *Club Retro*, 568 F.3d at 194, they show that the Food Bank tried to work with Hernandez; he shut them down, *cf. Delaval v. PTech Drilling Tubulars, LLC*, 824 F.3d 476, 481 (5th Cir. 2016) (when the breakdown of the good faith interactive process "is traceable to the employee" in the Title I context, "there is no [ADA] violation" (quotations omitted)). The emails show that the Food Bank did not refuse to provide Hernandez with a reasonable accommodation. Rather, the Food Bank provided him with multiple reasonable accommodations.

Accepting all well-pleaded facts as true and drawing all reasonable inferences in his favor, the facts Hernandez pleads in his Proposed Amended Complaint do not permit the Court to infer that the Food Bank violated Title III of the ADA. *Iqbal*, 556 U.S. at 678; *Haines*, 404 U.S. at 520. The Proposed Amended Complaint certainly adds more color to what happened between Hernandez and the Food Bank, but the "fatal flaw persists": he has failed to sufficiently plead that the Food Bank took adverse action against him based on his alleged disability. *Spicer*, 751 F.3d at 368. The facts instead show that the Food Bank provided Hernandez with reasonable accommodations. As before, Hernandez's allegations amount to "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan*, 478 U.S. at 286); *In Re Ondova Ltd. Co.*, 914 F.3d at 993.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that providing Hernandez leave to amend would be futile.[4] The Court, therefore, also concludes that its judgment should stand unaltered and unamended. Accordingly, Plaintiff Alejandro Hernandez's "Motion to Alter or Amend Judgment" (ECF No. 12) is **DENIED**.

So ORDERED and SIGNED this 1st day of March 2022.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**

---

[4] Hernandez argues that the Court committed numerous manifest errors of law and fact, not just that the Court should have provided him leave to amend. *See generally* Mot. at 3–15. But the Court need not, and does not, address his other arguments because providing him leave to amend would be futile. The Court also does not address whether the Proposed Amended Complaint is frivolous. The Court's conclusion that Hernandez would fail to state a claim upon which relief can be granted, even if provided with leave to amend, is sufficient grounds to conclude that his Motion should be denied. 28 U.S.C. § 1915(e)(2).