UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ALEJANDRO HERNANDEZ**, § | |
| § | |
| *Plaintiff*, § | |
| v. § | |
| § | EP-21-CV-00055-DCG |
| **EL PASOANS FIGHTING HUNGER;** § | |
| **JOSE "ABE" GONZALEZ; and** § | |
| **SUSAN E. GOODALL**, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM ORDER

On December 30, 2022, the Fifth Circuit ruled on Plaintiff Alejandro Hernandez's appeal of this Court's order dismissing his complaint after screening it under 28 U.S.C. § 1915(e)(2).[1] *Hernandez v. El Pasoans Fighting Hunger*, No. 22-50240, 2022 WL 18019437 (5th Cir. Dec. 30, 2022) (per curiam) (unpublished). The Fifth Circuit remanded part of this case for this Court's further consideration. *Id.* at *7. Specifically, the Fifth Circuit has directed this Court to determine "whether dismissal with prejudice is warranted and whether Hernandez should be afforded leave to amend his Complaint." *Id.* In making that determination, the Fifth Circuit has also directed this Court to "consider if Hernandez's claim is moot" because of the possibility that Defendants El Pasoans Fighting Hunger, Jose "Abe" Gonzalez, and Susan E. Goodall are no longer requiring patrons to wear face coverings, *id.* at *7 n.3, which is an essential factual

---

[1] Although this Court had ruled on Hernandez's motion to reconsider the Court's order dismissing his complaint, *Hernandez v. El Pasoans Fighting Hunger*, No. EP-21-CV-00055-DCG, 2022 WL 617618 (W.D. Tex. Mar. 1, 2022)—which directly preceded Hernandez's appeal—the Fifth Circuit only addressed this Court's earlier decision accepting in part, and rejecting in part, the Magistrate Judge's decision to dismiss Plaintiff's complaint, who found it frivolous and lacking a plausible claim for relief, *Hernandez v. El Pasoans Fighting Hunger*, No. EP-21-CV-00055-DCG, 2021 WL 2763827 (W.D. Tex. July 1, 2021).

predicate for Hernandez's claim, *see generally* Original Compl., ECF No. 4; Proposed Am. Compl., ECF No. 17.

Mootness is a jurisdictional doctrine. *E.g.*, *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021). If a case is moot, a federal court has no power to hear it.[2] *E.g.*, *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." (quotation omitted)). Put plainly, a court lacks jurisdiction over a moot dispute.

Courts must be cognizant of their jurisdiction. In fact, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quotation omitted). A court's duty to examine jurisdiction persists throughout the pendency of any case. *See, e.g.*, FED. R. CIV. P. 12(h)(3); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). If a court discovers at any time that it lacks subject-matter jurisdiction, then "*sua sponte* dismissal is mandatory." *Carver*, 18 F.4th at 497; FED. R. CIV. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)).

"The burden of proving subject matter jurisdiction lies with the party asserting jurisdiction, and it must be proved by a preponderance of the evidence." *In re S. Recycling, LLC*, 982 F.3d 374, 379 (5th Cir. 2020). And a court may receive evidence to assist it in determining whether the party invoking jurisdiction has met its burden. *See, e.g.*, *Art & Drama Therapy Inst., Inc. v. District of Columbia*, 110 F. Supp. 3d 162, 170 (D.D.C. 2015) (explaining that a court may *sua sponte* address jurisdiction and "[i]n reaching that determination," the court "need not

---

[2] There are a couple of exceptions to this broad proposition: capable of repetition, yet evading review and voluntary cessation. *See, e.g.*, *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462–63 (2007) (capable of repetition, yet evading review); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (voluntary cessation).

limit itself to the allegations of the complaint"); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2012 WL 2014280, at *2 (D. Colo. June 5, 2012) (explaining that it was "not clear whether . . . [plaintiff] ha[d] evidence" to sustain a claim and ordering plaintiff to "show cause why its [] claim should not be dismissed as moot"); *cf. Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) ("The plaintiff must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint *and evidence*." (emphasis added)).

This Court must therefore determine whether Defendants have rescinded the face-covering policy that is the sole basis of Hernandez's complaint. If so, this case may well be moot, as the Fifth Circuit suggested. *Hernandez*, 2022 WL 18019437 at *7 n.3. The problem is, at the moment the Court has no grounds on which it can make a reasoned jurisdictional determination based on mootness. The Court needs evidence.

Accordingly, the Court **ORDERS** Plaintiff Alejandro Hernandez to **FILE** a proposed amended complaint. In addition, the Court **ORDERS** Plaintiff to **SUBMIT** evidence regarding whether Defendants El Pasoans Fighting Hunger, Jose "Abe" Gonzalez, and Susan E. Goodall still maintain the face covering policy that formed the basis of Plaintiff's complaint. Plaintiff may submit any form of evidence, including affidavits, stipulations, admissions, documents (such as a copy of the policy, if there is one, or emails between Plaintiff and Defendants). Plaintiff Alejandro Hernandez **MUST FILE** his proposed amended complaint and **SUBMIT** evidence by **February 24, 2023**.

**So ORDERED and SIGNED this 25th day of January 2023.**

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE