UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ALEJANDRO HERNANDEZ**, | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | **EP-21-CV-00055-DCG** |
| **EL PASOANS FIGHTING HUNGER;** | § | |
| **JOSE "ABE" GONZALEZ; SUSAN E.** | § | |
| **GOODALL; and JOHN DOE**, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER
## GRANTING MOTION TO ORDER SERVICE BY U.S. MARSHALS

The Court is concerned that it lacks subject-matter jurisdiction over this case because it may be moot. The Court therefore ordered Plaintiff Alejandro Hernandez to submit evidence showing that his dispute with Defendants El Pasoans Fighting Hunger, Jose "Abe" Gonzalez, and Susan E. Goodall remains live.[1] The evidence Plaintiff submitted didn't satisfactorily prove that this case isn't moot, so the Court ordered him to show cause why the Court should not dismiss his case for want of jurisdiction.[2] Plaintiff responded that "the best course of action would be to serve [Defendants with legal process] and let them" tell the Court whether the case is moot.[3] The Court construes Plaintiff's response as a motion to issue summonses and require the U.S. Marshals Service to serve Defendants. So construed, the Court **GRANTS** Plaintiff's motion.

---

[1] Mem. Order, ECF No. 28, at 2–3; Suppl. Evid. Order, ECF No. 36.

[2] Show Cause Order, ECF No. 40, at 10.

[3] Pl.'s Show Cause Resp., ECF No. 44.

## I.   BACKGROUND

### A.  Factual Background

Plaintiff claims that a food bank, El Pasoans Fighting Hunger, as well as Jose "Abe" Gonzalez and Susan E. Goodall (collectively, the "Food Bank")[4] violated Title III of the Americans with Disabilities Act ("ADA") by failing to accommodate his disability, which, Plaintiff asserts, prevents him from wearing a face mask as a COVID-19 preventive measure. Plaintiff has asked the Court to issue an injunction requiring the Food Bank to provide him a reasonable accommodation—namely, an injunction allowing him to patronize El Pasoans Fighting Hunger without wearing a face covering.

### B.  Procedural Background

On April 8, 2021, after U.S. Magistrate Judge Robert F. Castañeda granted Plaintiff's motion to proceed *in forma pauperis*,[5] the Clerk of Court docketed Plaintiff's Original Complaint.[6]  Two weeks later, Judge Castañeda issued a Report and Recommendation finding that Plaintiff failed to state a claim and that his allegations were frivolous.[7]  Judge Castañeda recommended that the Court dismiss Plaintiff's Original Complaint without prejudice.[8]

---

[4] Susan E. Goodall is the CEO of El Pasoans Fighting Hunger.  Though Jose "Abe" Gonzalez may have once been a Board Member of El Pasoans Fighting Hunger, it appears he may no longer serve the organization in a board or executive capacity.  *Compare* ProPublica, Nonprofit Explorer, *El Pasoans Fighting Hunger* (last visited June 6, 2023), https://projects.propublica.org/nonprofits/organizations/452893839, *with* El Pasoans Fighting Hunger Food Bank, *Board of Directors* (last visited June 6, 2023), *available at* https://elpasoansfightinghunger.org/board-of-directors.

[5] IFP Order, ECF No. 3.

[6] Original Compl., ECF No. 4.

[7] R. & R., ECF No. 5, at 4–6.

[8] *Id.* at 1, 6.

Plaintiff objected to Judge Castañeda's recommendation,[9] but this Court for the most part accepted the recommendation and dismissed Plaintiff's Original Complaint for being frivolous and for failure to state a claim.[10]  The Court departed with Judge Castañeda's recommendation only insofar as he recommended dismissal without prejudice; this Court instead dismissed with prejudice.[11]

The Court issued a final judgment on July 1, 2021,[12] which Plaintiff asked the Court to reconsider.[13]  Subsequently, the Court ordered Plaintiff to submit a proposed amended complaint so it could determine whether providing him relief from the judgment and ultimately leave to amend his Original Complaint would be futile.[14]  Plaintiff filed his First Proposed Amended Complaint on September 2, 2021.[15]  On March 1, 2022, the Court "conclude[d] that providing [Plaintiff] leave to amend would be futile" and therefore denied his motion to alter or amend the judgment.[16]  On March 30, 2022, Plaintiff appealed the Court's order dismissing his complaint.[17]

---

[9] Objs., ECF No. 7.

[10] *Hernandez v. El Pasoans Fighting Hunger*, No. EP-21-CV-00055-DCG, 2021 WL 2763827, at *3–6 (W.D. Tex. July 1, 2021) [hereinafter *Hernandez I*], *aff'd in part, rev'd in part*, No. 22-50240, 2022 WL 18019437 (5th Cir. Dec. 30, 2022).

[11] *Id.* at *6.

[12] Final J., ECF No. 10.

[13] Mot. Amend J., ECF No. 12.

[14] Order Proposed Am. Compl., ECF No. 14.

[15] 1st Proposed Am. Compl., ECF No. 17.

[16] *Hernandez v. El Pasoans Fighting Hunger*, No. EP-21-CV-00055-DCG, 2022 WL 617618, at *5, 7 (W.D. Tex. Mar. 1, 2022) [hereinafter *Hernandez II*].

[17] Notice Appeal, ECF No. 20; *see also Hernandez I*, 2021 WL 2763827, *6.

On December 30, 2022, the Fifth Circuit ruled on Plaintiff's appeal.[18]  The Fifth Circuit remanded part of this case for this Court's further consideration, directing this Court to determine "whether dismissal with prejudice is warranted and whether [Plaintiff] should be afforded leave to amend his Complaint."[19]  The Fifth Circuit also directed this Court to first "consider if [Plaintiff's] claim is moot" because of the possibility that the Food Bank is no longer requiring patrons to wear face coverings,[20] which is an essential factual predicate for Plaintiff's ADA claim.[21]

In accordance with the Fifth Circuit's remand order, this Court ordered Plaintiff to submit a second proposed amended complaint so the Court could determine whether he should be afforded leave to amend his complaint if the case is not moot.[22]  This Court also ordered Plaintiff to submit evidence regarding whether Defendants . . . still maintain the face covering policy.[23]

---

[18] *Hernandez v. El Pasoans Fighting Hunger*, No. 22-50240, 2022 WL 18019437 (5th Cir. Dec. 30, 2022) (per curiam) (unpublished) [hereinafter *Hernandez Appeal Op.*]

Although this Court had ruled on Plaintiff's motion to reconsider the Court's order dismissing his complaint, *Hernandez II*, 2022 WL 617618, at *1–7—which directly preceded Plaintiff's appeal—the Fifth Circuit only addressed this Court's earlier decision accepting in part, and rejecting in part, Judge Castañeda's recommendation to dismiss Plaintiff's complaint after finding it frivolous and lacking a plausible claim for relief, *Hernandez I*, 2021 WL 2763827, at *1–6.

[19] *Id.* at *7.

[20] *Id.* at *7 n.3.

[21] *See generally* Original Compl.; 1st Proposed Am. Compl.

[22] Mem. Order at 3.

[23] *Id.* (emphasis omitted).

Plaintiff filed his Second Proposed Amended Complaint,[24] and separately submitted evidence regarding whether Defendants still have a face covering policy.[25]  The Court concluded that Plaintiff's "evidence d[id] not suffice to prove this case is not moot" and gave Plaintiff another opportunity to submit evidence.[26]  Plaintiff timely submitted supplemental evidence.[27]  But Plaintiff's additional evidence likewise didn't suffice to prove this case isn't moot.

Having provided Plaintiff two opportunities to submit evidence regarding the status of the Food Bank's face covering policy, the Court concluded that it "must decide whether [Plaintiff] has shown there is still a live dispute that provides this Court with jurisdiction."[28]  The Court accordingly ordered Plaintiff to explain why, among other things, the Court should not dismiss his case for want of jurisdiction.[29]  In response, Plaintiff asked the Court to serve Defendants, so that they could say whether they still enforce a face covering policy.[30]  The Court construes

---

[24] 2d Proposed Am. Compl., ECF No. 35 ¶¶ 13–15, 17, 31, 41, 43–45.

Plaintiff labeled his Second Proposed Amended Complaint as "Plaintiff's Proposed First Amended Complaint," but, as discussed, *see supra* at 3, Plaintiff had already filed a proposed amended complaint in response to the Court's earlier order requiring him to do so.  Plaintiff's new proposed amended complaint, *see* 2d Proposed Am. Compl., ECF No. 35, is therefore his Second Proposed Amended Complaint.

[25] Pl.'s 1st Decl., ECF No. 33.

[26] Suppl. Evid. Order at 1–3.

[27] Pl.'s 2d Decl., ECF No. 39, at 1.

[28] Show Cause Order at 5, 7.

[29] *Id.* at 10.

[30] Show Cause Resp. at 1.

Plaintiff's response to its Show Cause Order as a motion for issuance of summonses and to effect service of process through the U.S. Marshals Service.[31]

## II.   DISCUSSION

When, as here, a court grants a plaintiff *in forma pauperis* (IFP) status, the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d) require the court to effectuate service of process.[32] Because § 1915 also requires a court to screen (and, if appropriate, dismiss) an IFP plaintiff's complaint for issues like frivolity and failure to state a claim,[33] courts, like this one, sometimes

---

[31] *See Elliott v. Williams*, No. 2:19-cv-00383-GMN-BNW, 2020 WL 7495428, at *1 (D. Nev. Dec. 18, 2020) (construing a plaintiff's "letter as a motion for issuance of summonses and to effect service of process through the U.S. Marshals Service").

[32] *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3) (requiring the U.S. Marshals or "a person specially appointed by the court" to serve defendants when "the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"); *see also* Order Granting IFP, ECF No. 3.

[33] *See* 28 U.S.C. § 1915(e).  Section 1915(e) applies to non-prisoner IFP litigants like Plaintiff. *See, e.g.*, *Newsome v. EEOC*, 301 F.3d 227, 231–32 (5th Cir. 2002).

withhold service of process until deciding whether an IFP plaintiff's case can properly proceed.[34]

When courts do so, they often make the decision *sua sponte*.[35]

A distinct question arises when an IFP plaintiff affirmatively requests that a court effectuate service of process: If an IFP plaintiff asks the court to issue service of process before the court has finished screening his complaint under § 1915(e), must the court nonetheless issue service of process?[36]

---

[34] *See, e.g.*, *Osuna v. Delek U.S. Holdings Inc.*, No. EP-21-CV-00016-DCG-ATB, 2021 WL 1399697, at *1 (W.D. Tex. Apr. 13, 2021), *report and recommendation adopted*, No. EP-21-CV-00016-DCG, 2021 WL 3478218 (W.D. Tex. Apr. 23, 2021) (referring to the court's earlier decision directing "that service of process shall not issue until the Court determines whether [the plaintiff's] [c]omplaint should be dismissed pursuant to 28 U.S.C. § 1915" (quotation omitted)); *Drockton v. Rain Int'l*, No. 2:20-CV-00662-DB-JCB, 2020 WL 5849862, at *1 (D. Utah Oct. 1, 2020) (denying IFP plaintiff's motion for service of process because the court "ha[d] not yet completed the screening process"); *see also* Order Granting IFP at 1 ("The Court further orders that service of process shall not issue until the Court determines whether Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915.").

While its appears that the Fifth Circuit has never directly addressed whether § 1915 allows district courts to withhold service of process while it screens an IFP plaintiff's complaint, the Fifth Circuit has suggested on several occasions that a district court can do so. *See, e.g.*, *Perez v. United States*, 481 F. App'x 203, 207 (5th Cir. 2012) (finding "unavailing" plaintiff's argument that the district court erred by dismissing his case before issuing service of process); *Hicks v. Garcia*, 372 F. App'x 557, 557–58 (5th Cir. 2010) (concluding the district court did not err by dismissing an IFP plaintiff's case "prior to service of process"); *Voth v. Martin*, 210 F.3d 369, 2000 WL 294396, at *1 (5th Cir. 2000) (per curiam) (unpublished) (similar); *Deloach v. Tex. Dep't of Pub. Safety*, 16 F.3d 1214, 1994 WL 57282, at *2 (5th Cir. 1994) (per curiam) (unpublished) (discussing a prior version of § 1915, but relevantly concluding that "[s]ervice of process was not required or appropriate prior to the district court[] making its § 1915(d) determination"); *Cline v. Scott*, 39 F.3d 320, 1994 WL 612366, at *1 (5th Cir. 1994) (per curiam) (unpublished) (similar). Indeed, at least with respect to withholding service of process while screening a complaint for frivolousness, the Fifth Circuit in this case explained that a district court can withhold service of process. *Hernandez Appeal Op.*, 2022 WL 18019437, at *3 ("Accordingly, a court may examine the frivolity of such a suit before service of process has been effectuated.").

[35] *See, e.g.*, *Osuna*, 2021 WL 1399697, at *1; Order Granting IFP at 1.

[36] *See Nevarez v. Nevarez*, No. EP-CV-442-DCG-MAT, 2023 WL 3880080, at *2 (W.D. Tex. Jan. 17, 2023).

Federal Rule of Civil Procedure 4(c)(3) provides:

> *At the plaintiff's request*, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. *The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915* or as a seaman under 28 U.S.C. § 1916.

FED. R. CIV. P. 4(c)(3) (emphasis added).  Some courts, including the Fifth Circuit in *Lindsey v. United States Railroad Retirement Board*,[37] appear to have interpreted Rule 4(c)(3) as requiring district courts to issue service of process as soon as an IFP plaintiff requests it.[38]

In *Lindsey*, after allowing the plaintiff to proceed IFP, the district court denied the plaintiff's request that the court appoint someone to serve the defendant.[39]  As far as this Court can tell from *Lindsey*'s district court docket, the district court had not yet screened the plaintiff's complaint when it denied his request to issue service of process[40]—meaning the district court could have still screened the complaint.  But the district court instead waited nine months after the plaintiff asked the court to issue service of process and then dismissed the plaintiff's

---

[37] 101 F.3d 444 (5th Cir. 1996).

[38] *See id.* at 447–48; *Nevarez*, 2023 WL 3880080, at *2; *see also Cornish v. Tex. Bd. of Crim. Just. Off. of the Inspector Gen.*, 141 F. App'x 298, 300–01 (5th Cir. 2005) (following *Lindsey*).

Although *Lindsey* addressed a prior version of Rule 4(c)(3), the language of the prior and current versions are substantially similar in relevant respects.  *Compare* FED. R. CIV. P. 4(c)(3), *with Lindsey*, 101 F.3d at 446 (quoting what was then Federal Rule of Civil Procedure 4(c)(2)).

[39] Order, *Lindsey v. U.S. R.R. Ret. Bd.*, No. 4:94-cv-04137 (S.D. Tex. Aug. 17, 1995), ECF No. 5.

[40] *See generally Lindsey*, No. 4:94-cv-04137 (S.D. Tex.).  In 1995, when the district court in *Lindsey* denied the plaintiff's request to appoint someone to serve defendant, courts only screened IFP plaintiffs' complaints for frivolousness.  *See, e.g., Dorsey v. Stine*, 95 F.3d 53, 1996 WL 459953, at *1 (5th Cir. 1996) (per curiam) (unpublished) (citing then-current 28 U.S.C. § 1915(d), which at that time provided for *sua sponte* dismissal if the court found the complaint to be frivolous); *Cole v. Wadley*, 102 F.3d 551, 1996 WL 670394, at *1 (5th Cir. 1996) (per curiam) (unpublished) (noting statutory amendment that moved what was § 1915(d) to now-current § 1915(e)(2)(B)); *see also* Pub. L. No. 104-134, Title VIII, § 803 (1996).

complaint for failure to serve the defendant.[41]  The Fifth Circuit reversed, and in doing so explained that "*[o]nce [the plaintiff] requested* the district court to serve the [defendant], Rule 4 and [28 U.S.C.] § 1915(c) *required* the court to appoint someone to serve process for him."[42]

While the Fifth Circuit in *Lindsey* didn't directly address whether the district court could have withheld service of process until it screened the complaint, this Court nevertheless interprets as binding *Lindsey*'s conclusion that the Court must effect service of process upon request.[43]  In other words, in the Fifth Circuit, when an IFP plaintiff requests service of process, the court must issue and serve process even if the court has not yet screened the complaint under § 1915(e).

Here, Plaintiff's complaint remains in a § 1915(e) screening posture.[44]  And he has now asked the Court to issue summonses and serve Defendants.[45]  Following *Lindsey*, the Court will grant Plaintiff's request.

---

[41] *Compare* Mot. Appoint Special Server, *Lindsey*, No. 4:94-cv-04137 (S.D. Tex. Jan. 24, 1995), ECF No. 3, *with* Order Dismissal, *Lindsey*, No. 4:94-cv-04137 (S.D. Tex. Oct. 17, 1995), ECF No. 7.

[42] *Lindsey*, 101 F.3d at 447–48 (emphasis added).

[43] Because *Lindsey* did not directly address factual circumstances similar to those at issue here, the Court is somewhat skeptical about whether the Fifth Circuit in fact meant to bind its district courts to effect service of process immediately upon an IFP plaintiff's request when the district court has not yet screened the complaint.  Still, as written, the Fifth Circuit's holding in *Lindsey* applies in this case.  But this Court questions whether Rule 4(c)(3) mandates such a conclusion.  It's not clear that "at the plaintiff's request" in the first sentence of Rule 4(c)(3) applies to the Rule's second sentence—the sentence that requires courts to handle service of process for IFP plaintiffs.  *See* FED. R. CIV. P. 4(c)(3).

[44] *See Hernandez Appeal Op.*, 2022 WL 18019437, at *3, *5–7 (reviewing this Court's order dismissing Plaintiff's cause under § 1915(e) and remanding to consider "whether dismissal with prejudice is warranted and whether Plaintiff should be afforded leave to amend his Complaint").

[45] Show Cause Resp. at 1.

### III.    CONCLUSION

The Court **ORDERS** the Clerk of Court to issue summonses for Defendants El Pasoans Fighting Hunger, Jose "Abe" Gonzalez, and Susan E. Goodall.

The Court further **ORDERS** the U.S. Marshals to serve Defendants El Pasoans Fighting Hunger, Jose "Abe" Gonzalez, and Susan E. Goodall with the following documents, which the Clerk of Court will provide:

(1) Summons;

(2) Plaintiff's Original Complaint (ECF No. 4);

(3) The Fifth Circuit's Judgment and Opinion (ECF No. 27);

(4) Plaintiff's Second Proposed Amended Complaint (ECF No. 35); and

(5) This Memorandum Order.

The United States shall advance all costs.

**So ORDERED and SIGNED this 9th day of June 2023.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**