**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO HERNANDEZ,** | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | **EP-21-CV-00055-DCG** |
| **EL PASOANS FIGHTING HUNGER;** | § | |
| **JOSE "ABE" GONZALEZ; and** | § | |
| **SUSAN E. GOODALL,** | § | |
| | § | |
| *Defendants*. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendants' "Motion to Dismiss Pursuant to Rule 12(b)(1).[1] Defendants argue that Plaintiff's claim is moot because "Plaintiff has already obtained the relief sought."[2]  Although Plaintiff concedes that his federal claim is now moot, Plaintiff argues that "this Court may still exercise supplemental jurisdiction over the State law claim."[3]  Plaintiff, however, is incorrect.

For the reasons that follow, the Court grants Defendants' Motion to Dismiss.

---

[1] Mot., ECF No. 51.

[2] *Id*. at 3.

[3] Resp., ECF No. 52, at 2.

## BACKGROUND

### A.  Factual Background

The above-captioned case arises from Plaintiff's claims that a food bank, El Pasoans Fighting Hunger, as well as Jose "Abe" Gonzalez and Susan E. Goodall (collectively "Defendants" or "Food Bank") violated Title III of the Americans with Disabilities Act ("ADA") by failing to accommodate his disability, which, Plaintiff asserts, prevents him from wearing a face mask.  Plaintiff thus asks the Court to issue an injunction requiring the Food Bank to provide him a reasonable accommodation—namely, an injunction allowing him to patronize El Pasoans Fighting Hunger without wearing a face covering.

### B.  Procedural Background

On April 23, 2021, U.S. Magistrate Judge Robert F. Castañeda issued a Report and Recommendation finding that Plaintiff had failed to state a claim for injunctive relief under the ADA and that his allegations were frivolous.[4]  Judge Castañeda thus recommended that the Court dismiss Plaintiff's Original Complaint without prejudice.[5]

Plaintiff objected to Judge Castañeda's recommendation,[6] but this Court agreed with the recommendation for the most part and dismissed Plaintiff's Original Complaint for being

_____

[4] R. & R., ECF No. 5, at 4-6.

[5] *Id.* at 6.

[6] *See* Objs., ECF No. 7.

frivolous and for failure to state a claim.[7]  The Court departed with Judge Castañeda's recommendation only insofar as he recommended dismissal without prejudice; this Court dismissed with prejudice.[8]

The Court issued a final judgment on July 1, 2021, which Plaintiff then asked the Court to reconsider.[9]  Subsequently, the Court ordered Plaintiff to submit a proposed amended complaint so that it could determine whether providing him relief from the judgment (and ultimately leave to amend his Original Complaint) would be futile.[10]  Plaintiff filed his Proposed Amended Complaint on September 2, 2021.[11]  On March 1, 2022, the Court "conclude[d] that providing Hernandez leave to amend would be futile" and therefore denied his motion to alter or amend the judgment.[12]  On March 30, 2022, Plaintiff appealed the Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2).[13]

---

[7] *Hernandez v. El Pasoans Fighting Hunger*, No. EP-21-CV-00055-DCG, 2021 WL 2763827, at *3–6 (W.D. Tex. July 1, 2021) [hereinafter *Hernandez I*].

[8] *Id.* at *6.

[9] *See* Final J., ECF No. 10; Mot. Amend J., ECF No. 12.

[10] Order Proposed Am. Compl., ECF No. 14.

[11] Proposed Am. Compl., ECF No. 17.

[12] *Hernandez v. El Pasoans Fighting Hunger*, No. EP-21-CV-00055-DCG, 2022 WL 617618, at *5, 7 (W.D. Tex. Mar. 1, 2022) [hereinafter *Hernandez II*].

[13] Notice Appeal, ECF No. 20; *see also Hernandez I*, 2021 WL 2763827, *6.

On December 30, 2022, the Fifth Circuit ruled on Plaintiff's appeal and remanded part of the case for this Court's further consideration.[14]  Specifically, the Fifth Circuit directed this Court to determine "whether dismissal with prejudice is warranted and whether Hernandez should be afforded leave to amend his Complaint."[15]  In making that determination, the Fifth Circuit also directed this Court to "consider if Hernandez's claim is moot" because of the possibility that the Food Bank is no longer requiring patrons to wear face coverings, which is an essential factual predicate for Hernandez's ADA claim.[16]

In accordance with the Fifth Circuit's remand order, this Court ordered Plaintiff to file a proposed amended complaint and evidence "regarding whether Defendants . . . still maintain the face covering policy that formed the basis of Plaintiff's complaint" by February 24, 2023—so that the Court could determine (1) whether Plaintiff should be afforded leave to amend his complaint and (2) whether the case is moot.[17]

Plaintiff filed his Second Proposed Amended Complaint and in it he added, for the first time, a supplemental state law claim alleging that a John Doe assaulted him at one of El Pasoans Fighting Hunger's distribution locations.[18]  Hernandez also submitted evidence regarding the

---

[14] *Hernandez v. El Pasoans Fighting Hunger*, No. 22-50240, 2022 WL 18019437, at *7 (5th Cir. Dec. 30, 2022) (per curiam) (unpublished).

[15] *Id.*

[16] *Id.*

[17] Order Submit Evidence, ECF No. 28, at 3.

[18] 2d Proposed Am. Compl., ECF No. 35, at ¶¶ 13–15, 17, 31, 41, 43–45.  Although Plaintiff labeled his Second Proposed Amended Complaint as "Plaintiff's Proposed First

status of this case two days after his deadline passed.[19]  In its entirety, Hernandez submitted the

following declaration:

> Plaintiff, Alejandro Hernandez, hereby states that he has asked around to some
> people that go to the food pantry and has been told that the food pantry still
> requires face coverings at their walk-up locations.  I declare state [sic] under
> penalty of perjury that the foregoing is true and correct.[20]

Plaintiff did not provide any other evidence of his contention that the Food Bank still requires

face coverings.

On March 2, 2023, the Court determined that Plaintiff's submitted evidence "does not

suffice to prove this case is not moot."[21]  The Court thus provided Plaintiff with an additional

opportunity to submit evidence to prove that the Court has jurisdiction to hear his case.[22]  On

April 3, 2023, Plaintiff filed supplemental evidence in support of his claim.[23]  In relevant part,

Plaintiff provided:

---

Amended Complaint," Plaintiff had already filed a proposed amended complaint in response to
the Court's earlier Order requiring him to do so.  *See supra* at 11 (identifying ECF No. 17 as
Plaintiff's First Proposed Amended Complaint).  Plaintiff's new proposed amended complaint
(ECF No. 35) is therefore his Second Proposed Amended Complaint.

[19] Earlier on the same day, the Court *sua sponte* extended Hernandez's deadline to submit
evidence and warned him that the Court would "consider dismissing this case for want of
prosecution if he again fail[ed] to comply" with the Court's orders.  Compliance Order, ECF No.
31.

[20] Pl.'s 1st Decl., ECF No. 33.

[21] Order Additional Evidence, ECF No. 36, at 1.

[22] *Id.* at 2.

[23] Pl.'s 2d Decl., ECF No. 39.

On March 18, 2023, Plaintiff inquired with Defendants' website for direction on their current policy. The website still states that it offers the home delivery program; one must register for the program to have food delivered. However, as Plaintiff alleges in his complaint, the food delivery program has been practically ineffective for Plaintiff. The website does not mention anything about persons who cannot wear a face covering because of a disability. I declare state [sic] under penalty of perjury that the foregoing is true and correct.[24]

Upon reviewing Plaintiff's submission, the Court again found that "none of the evidence [Plaintiff] has submitted so far suffices to prove this case is not moot."[25] In addition, the Court noted that in his Second Proposed Amended Complaint, Plaintiff "added, for the first time, a supplemental state law claim alleging that a John Doe assaulted him at one of the El Pasoans Fighting Hunger's distribution locations."[26]

While the Court preliminarily concluded that it "doubts—but does not yet decide—that Hernandez has proven by a preponderance of the evidence that the Court has jurisdiction,"[27] the Court "provide[d] Hernandez with an opportunity to file a brief addressing why he thinks this case is not moot," "address whether the Court should exercise supplemental jurisdiction over his state law claim if his federal claim is moot, and whether, in any event, Defendant John Doe is

---

[24] *Id.* at 1.

[25] Order Show Cause, ECF No. 40, at 1.

[26] *Id.* at 4.

[27]*Id.* at 9.

properly joined under Federal Rule of Civil Procedure 20(a)(2)" before issuing a ruling on the matter.[28]

In response to the Court's order, Plaintiff maintained that "the best course of action would be to serve the Defendant and let them answer as to whether or not they are still requiring face coverings at their walk-up locations" because "[o]nly the Defendants can answer for their actions."[29]  In addition, Plaintiff alleges that "this Court has jurisdiction over the joinder of 'John Doe' as a Defendant for assault, because it occurred while John Doe was enforcing the face covering policy for the other Defendants."[30]

According to Plaintiff, he has "alleged from the very beginning that he was physically assaulted by an employee of the other Defendants in order to enforce the face covering policy."[31]  To support this claim, Plaintiff cites to his Original Complaint, where he alleges that he "received physical assault when pushed by an attendant."[32]  Plaintiff thus argues that "[t]he only

---

[28] *Id.*

[29] Resp. Show Cause, ECF No. 44, at 1.

[30] *Id.*

[31] *Id.* at 2.

[32] *Id.* (citing Original Compl., ECF No. 4, at 4 for the proposition in paragraph 11 that "Plaintiff did at this location encounter the denial of equal access, received physical assault when pushed by an attendant working for the Defendants. . . . For example, on or about January 10, 2021, Plaintiff was physically pushed out of the building by a male staff member at the food bank location made the subject of this lawsuit")

issue was that Plaintiff did not identify a Defendant or raise a state [] cause of action, as he finally did when he filed" his proposed Amended Complaint.[33]

In construing Plaintiff's Response "as a motion to issue summonses and require the U.S. Marshals Service to serve Defendants," the Court granted Plaintiff's request.[34]  The Court accordingly ordered the Clerk of Court to issue summonses and further ordered the U.S. Marshals to serve Defendants with several documents.[35]

Defendants then filed the instant 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction—arguing that "as of September 6, 2021, face coverings are not required at any of the food distribution sites run by EPFH" so "Plaintiff's claims are moot and should be dismissed."[36] In his Response, Plaintiff agreed that "the issue in controversy is now moot because [Defendants] no longer require face coverings at their food pantries."[37]  Even so, Plaintiff argued that this Court has supplemental over his state assault claim.[38]

---

[33] *Id.* (citing 2d Proposed Am. Compl.).

[34] Order Service, ECF No. 45, at 1 ("The Court construes Plaintiff's response as a motion to issue summonses and require the U.S. Marshals Service to serve Defendants.  So construed, the Court GRANTS Plaintiff's motion.").

[35] *Id.* at 10.

[36] Mot. at 2.

[37] Resp. at 1.

[38] *Id.*

In their Reply, Defendants argue that "[t]his case should be dismissed, regardless of whether leave is granted for Plaintiff's Proposed Complaint to be considered his live pleading" because "the Fifth Circuit's remand of this case was limited to whether this Court still had jurisdiction" and "[t]he Fifth Circuit did not invite Plaintiff to replead to add an entirely new and unrelated cause of action."[39]  Furthermore, Defendants maintain that "even if leave to amend is granted by this Court, Plaintiff's claims fail because (a) supplemental jurisdiction is not appropriate, and (b) the two-year statute of limitations on the tort claim expired on or about January 13, 2023."[40]

## **DISCUSSION**

As stated above, Plaintiff does not dispute that his federal claim is now moot.[41]  Still, Plaintiff argues that the Court should exercise supplemental jurisdiction over his state tort claim against Defendant John Doe.[42]  Plaintiff's argument, however, is unavailing.

---

[39] Reply, ECF No. 53, at 2-3.

[40] *Id.* at 3.

[41] Resp. at 1 ("Defendants have filed a motion to dismiss stating that the issue in controversy is now moot because they no longer require face coverings at their food pantries. Plaintiff, however, raised also a State claim of assault under the Court's supplemental jurisdiction.").

[42] *See* 2d Proposed Am. Compl. (arguing, for the first time, the existence of state law claim against Defendant John Doe).

As a general matter, once the conduct or conditions a plaintiff filed suit over are no longer occurring or in existence, the plaintiff's lawsuit is moot.[43]  Thus, as of September 6, 2021, Plaintiff's claim against Defendants became moot.  This is because, on that date, Defendants stopped requiring face coverings at their food distribution sites.[44]

Once Plaintiff's Title III claim against Defendants became moot, this Court lacked jurisdiction to hear and decide this case.[45]  The Court's inquiry therefore must end there.[46]

In its remand order instructing this Court to determine whether Plaintiff's claim was moot *before* deciding whether Plaintiff may file an amended complaint, the Fifth Circuit made Plaintiff aware of this possible jurisdictional defect.  In relevant part, the Fifth Circuit stated that

> [i]n the intervening period since this filing, many health precautions, including mask requirements, have abated.  Given these general developments, it is possible that Hernandez may be seeking to enjoin a policy that is no longer in place. Therefore, the district court should consider if Hernandez's claim is moot on this

---

[43] *See Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) ("As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." (cleaned up)).

[44] Mot. at 2.

[45] *See Vazquez v. H.S.I.*, No. 5:21-CV-00164, 2022 WL 773912, at *1 (S.D. Tex.), report and recommendation adopted by *Vazquez v. H.S.I.*, 2022 WL 772965 (S.D. Tex. Mar. 14, 2022) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.").

[46] *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions.") (cleaned up); *see also Hernandez v. El Pasoans Fighting Hunger*, 2022 WL 18019437, at *3 ("[F]irst, the court should have ruled on whether it had subject matter jurisdiction, and then, *only if it had ruled in the affirmative*, should it have assessed whether the Complaint failed to state a claim.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) for the proposition that "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception").

basis when determining whether he should be provided with the opportunity to amend his Complaint.[47]

As such, because Plaintiff concedes that his Title III claim against Defendants is moot, the Court lacks jurisdiction and need not determine whether to accept Plaintiff's Second Proposed Amended Complaint as the live pleading in this matter.[48]

If the Court *did* have jurisdiction to decide the matter, however, the Court would deny Plaintiff's amendment for futility.[49]  As explained in greater detail below, any amended complaint would be futile since Plaintiff's claim is moot and he cannot plead facts sufficient to overcome the jurisdictional bar.[50]  Plaintiff's newly pleaded state tort claim in his Second Proposed Amended Complaint is thus not enough to establish jurisdiction (supplemental or otherwise).

It is well established that "[a]lthough 28 U.S.C. § 1653 and Rule 15(a) allow amendments to cure defective jurisdictional allegations, these rules do not permit the *creation* of jurisdiction

---

[47] *Hernandez v. El Pasoans Fighting Hunger*, 2022 WL 18019437, at *7 n.3.

[48] *See Camsoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, 756 F.3d 327, 337 (5th Cir. 2014) ("We do not generally recognize post-filing or post-removal amendment as cure for jurisdictional defect.").

[49] *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 465 (5th Cir. 2010) (finding a district court may deny leave to amend a complaint if the amendment would be futile).

[50] *Cf United States v. University of North Texas*, 2016 WL 369695, at *4 (E.D. Tex. Feb. 1, 2016) (finding that any amended complaint filed by plaintiff would be futile because plaintiff cannot plead facts sufficient to overcome the statute of limitations bar).

when none exist[s]."[51]  "In short, regardless of when the district court actually determines it lacks subject matter jurisdiction . . . Rule 15 does not allow a party to amend to create jurisdiction where none actually existed."[52]  Accordingly, an amendment to a complaint "may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal question jurisdiction."[53]

Applying these principles to the instant matter, Plaintiff's new state claims in his Second Proposed Amended Complaint "cannot be relied upon to establish subject matter jurisdiction because while a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, amendment may not create subject matter jurisdiction when none exists."[54]  "The cause for this concern is readily apparent: never having had power to act in the matter, the court never had authority to permit an amendment to the complaint."[55]  Thus, contrary to Plaintiff's argument,

---

[51] *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 218 (5th Cir. 2012) (emphasis added).

[52] *Federal Recovery Services, Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) (cleaned up) (quoting *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986).

[53] *Wadhams v. American Federation of Teachers*, No. 22-40246, 2022 WL 14461695, at *2 n.2 (5th Cir. 2022) (per curiam) (quoting *In re Katrina Canal Breaches Litig.*, 342 F. App'x 928, 931 (5th Cir. 2009) (per curiam) (unpublished)).

[54] *In re Katrina Canal Breaches Litigation*, 342 F. App'x at 932; *see also* 3 James Wm. Moore et al., Moore's Federal Practice § 15.14[3], at 15–34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment."); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (determining that a party may not "retroactively create subject matter jurisdiction").

[55] *Whitmire*, 212 F.3d at 888 (determining that a party may not "retroactively create subject matter jurisdiction").

the Court may *not* exercise supplemental jurisdiction over Plaintiff's state claim; now that

Plaintiff's claim is moot, he may not use his Second Proposed Amended Complaint to, for the

first time, plead a state tort claim as a means of keeping this action alive.[56]

And, even if this Court could exercise supplemental jurisdiction, it would likely decline

to do so.  "[T]he general rule in the Fifth Circuit is to decline to exercise jurisdiction over

supplemental state law claims when the federal claims are dismissed before trial."[57]

---

[56] Resp. at 2 ("Defendants' answer now shows that the federal claim is moot; however, this Court may still exercise supplemental jurisdiction over the State law claim."); *but see Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294-95 (5th Cir. 2010) (agreeing with the Sixth Circuit that "[t]he supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction" (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996)); *Ezell v. Underwriters at Lloyd's, London*, No. 23-2599, 2023 WL 8113618, at *4 (E.D. La. Nov. 22, 2023) ("Supplemental jurisdiction does not—and cannot—operate to get a case into federal court.  Rather, it becomes relevant only after a case has invoked an independent basis of federal subject matter jurisdiction." (emphasis omitted) (cleaned up) (quoting *Forrest v. Nat'l Cas. Ins.*, No. 18-303-SDD-EWD, 2018 WL 4512169, at *2 (M.D. La. May 22, 2018))); *cf United States v. U.S. Fidelity & Guar. Co.*, 959 F. Supp. 345, 347 (E.D. La. 1996) ("[W]hen a federal court lacks jurisdiction over the original complaint, as in the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction.").

The Court notes, without deciding, that its analysis may have been different had Plaintiff pleaded his state law claim at an earlier stage of this litigation (*i.e.*, *before* his federal claim became moot).  *See e.g. Honeywell Intern., Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 434 (5th Cir. 2005) ("Because the district court had federal question jurisdiction when Honeywell's severed action commenced, it also had supplemental jurisdiction over Honeywell's [state claims], even if Honeywell's federal claim later ceased to present a viable theory of recovery.").  While Plaintiff argues that he has "alleged from the very beginning that he was physically assaulted by an employee," he simultaneously admits that he "did not identify a Defendant or raise a state [] cause of action" until he filed his Second Proposed Amended Complaint.  *See* Resp. Show Cause at 2.

[57] *See Mendoza v. United States*, 481 F. Supp. 643, 648 (W.D. Tex. 2006) ("The third factor of 28 U.S.C. § 1367(c) allows a district court to decline to exercise supplemental jurisdiction over pendent state law claims once all claims over which it had original jurisdiction have been dismissed."); *see also Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the

## **CONCLUSION**

Because Plaintiff's claim is now moot, this Court does not have jurisdiction to hear or decide the instant matter.  Without subject matter jurisdiction, the Court must dismiss the action.[58]

The Court thus **GRANTS** Defendants' "Motion to Dismiss Pursuant to Rule 12(b)(1)" (ECF No. 51).

The Court **DISMISSES** and **CLOSES** the case.

**So ORDERED and SIGNED this 7th day of March 2024.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.").

[58] *Stockman v. Federal Election Comm'n*¸ 138 F.3d 144, 151 (5th Cir. 1998) ("It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking.").